# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON P. WHITTLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17CV983 HEA |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the petition of Brandon Whittley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon review, the Court finds that petitioner is not entitled to relief. As a result, the petition is denied.

On July 27, 2015, the State charged petitioner with one count of stealing property in excess of $500. *Missouri v. Whittley*, No. 13WA-CR00445-01 (Washington County). Petitioner pled guilty, and on November 6, 2015, the court sentenced him to seven years' imprisonment. The court, however, suspended the execution of the sentence and gave him five years' probation. On September 6, 2016, the court suspended petitioner's probation and scheduled a revocation hearing. Finally, on March 6, 2017, the court revoked his probation and ordered that he serve his seven-year sentence.

In the petition, petitioner argues that stealing in excess of $500 is no longer a felony under *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc), and therefore, his due process rights were violated when the trial court ordered that he serve the original seven-year sentence. He also claims he was denied equal protection because other criminal defendants have been granted relief under *Bazell*.

At the time petitioner was sentenced, stealing property in excess of $500 was subject to felony enhancement under Mo. Rev. Stat. § 570.030.3. However, in *Bazell*, the Missouri Supreme Court held that the enhancement did not apply to Bazell's sentence for stealing firearms. *Id.* at 266-67. Since then, the Missouri Court of Appeals has held that the felony enhancement does not apply to stealing in excess of $500. *See Missouri v. Bowen*, --- S.W.3d ---, 2017 WL 361185 *2-3 (January 24, 2017) (citing cases). The Court notes that *Bazell* did not declare § 570.030.3 to be unconstitutional. Rather, the court decided that, as a matter of statutory interpretation, the felony enhancement did not apply to the offense. *Bazell*, 497 S.W.3d at 266-67.

At first glance, it may appear that petitioner has failed to exhaust his state remedies by failing to file an appeal or a motion for postconviction relief before filing this action. However, the limitations period for challenging parole revocation decisions begins when the trial court enters the revocation order. *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003). Therefore, this matter is ripe for review.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings). Furthermore, a state prisoner "may not . . .

transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

With regard to his due process claim, petitioner argues that the state court incorrectly applied the felony enhancement under Missouri law. He has not alleged or shown that the enhancement provision is facially unconstitutional. The proper interpretation of state statutes is a matter for the state courts to decide. Section 2254 does not confer jurisdiction on the federal district courts to determine such matters. Consequently, the claim is not cognizable in these proceedings.

Moreover, petitioner's equal protection clause is frivolous. To succeed on an equal protection claim, a petitioner must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). As a result, petitioner is not entitled to relief.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 20th day of March, 2017

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE